**David V. WEISS, Plaintiff,**

v.

**SAFEWAY, INC., a.k.a. Safeway Food and Drug, a Delaware corporation, Defendant.**

**No. CIV. 97–1404–FR.**

United States District Court, D. Oregon.

Oct. 18, 1999.

Kenneth C. Crowley, Wilsonville, OR, Mark John Holady, Beaverton, OR, for Plaintiff.

Lisa C. Brown, Hoffman, Hart & Wagner, Portland, OR, for Defendant.

## OPINION AND ORDER

FRYE, District Judge.

The matter before the court is the plaintiff's motion to compel defendant to produce the personnel records of store manager, Troy Honma.

## BACKGROUND

The plaintiff, David V. Weiss, brings this action against the defendant, Safeway, Inc., a.k.a. Safeway Food and Drug (Safeway), a Delaware corporation, under the Americans with Disabilities Act. Weiss alleges that Safeway failed to reasonably accommodate his epilepsy and wrongfully terminated him.

Weiss alleges, in part:

6. Plaintiff was employed by defendant for nineteen years until May 6, 1997. Throughout his career with defendant plaintiff had a successful record of employment including positive performance evaluations as well as significant achievements.

7. In 1977, plaintiff was involved in an automobile accident and suffered a traumatic head injury. As a result, plaintiff was subsequently diagnosed with medically refractory epilepsy.

. . . . .

9. Upon the advice of his physicians, plaintiff takes various medications to control seizures. However, the medications are not entirely successful. Therefore, from time to time, plaintiff's physicians have recommended changes in his medications in an effort to better control the seizures. The nature of plaintiff's condition is such that it is not always possible to predict the consequences of different medications.

. . . . .

11. Defendant knew of plaintiff's disability, record of disability, and/or regarded plaintiff as disabled. In July 1989, defendant altered plaintiff's job responsibilities to allow him to continue employ-

ment with his disability. Plaintiff went from working in the produce department to being in charge of maintenance and repair. Plaintiff worked full-time in this capacity without incident until defendant terminated him.

12. On or about April 15, 1997, plaintiff's physician recommend [sic] a change in medication for plaintiff. Plaintiff followed his physician's advice.

13. Shortly thereafter, on April 25, 1997, plaintiff suffered an epileptic seizure at work. Plaintiff was only semi-conscious during the seizure. While still under the effects of the seizure, plaintiff was accused and coerced by defendant into admitting that he had taken some of defendant's property.

Complaint, pp. 2–3.

Safeway contends that Weiss signed an admission that he took a number of items from one of the Safeway stores. His employment was terminated because of this theft. Safeway states:

33. Plaintiff was terminated for legitimate non-discriminatory reasons which were not connected with his alleged disability and for which others are or would be discharged. Specifically, he was terminated for violation of company policies, including but not limited to, the policy which prohibits employees from taking, consuming or using store merchandise without paying for it. . . .

Defendant's Answer, Affirmative Defenses, and Counterclaim, p. 6.

On September 14, 1999, this court filed an Opinion and Order, which states, in part, as follows:

2. *Request No. 18—Personnel Records of Troy Homna*

Weiss seeks a copy of the personnel records of Troy Homna, the manager of the Safeway store in which he was employed and from which he was terminated. Weiss argues that the judgment of Homna is at issue in this case, and that his personnel records may contain evidence of similar incidents in which Homna was involved.

Safeway contends that Homna's personnel files are private and not discoverable because Homna is not a party to this action. In addition, Safeway contends that Weiss was terminated for the crime of theft, and he signed an admission that he stole a number of items from Safeway. Safeway contends that nothing in Homna's personnel records could be relevant to the termination of Weiss for the crime of theft, which is a violation of company policy.

The parties agree that the court must weigh Safeway's concern with protecting the privacy rights of its employees against the interest of Weiss in discovering the information requested for the purpose of presenting his case. *See Cook v. Yellow Freight Sys., Inc.,* 132 F.R.D. 548, 552 (E.D.Cal.1990).

The conduct of Homna, as Weiss' supervisor, is at issue in this case. In order to weigh the concern of Safeway in protecting the privacy rights of its employee, Homna, against Weiss' interest in discovering relevant information, the court will order Safeway to submit a complete copy of the personnel records of Homna to the court by September 24, 1999 for *in camera* review.

Opinion and Order, p. 3.

Safeway thereafter produced the personnel records of Troy Honma. The court has conducted an *in camera* review of these records.

### RULING OF THE COURT

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. . . . The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

The court has reviewed the materials produced by Safeway and has weighed the privacy rights of the store manager against the interests of Weiss in discovering relevant information.

The court concludes that Safeway is not required to produce any information in the personnel file relating to the retirement plan of Troy Honma. Safeway shall produce all

**444**

other materials in the personnel file of Troy Honma for review by counsel for Weiss subject to a protective order limiting the use of such information to this action only. The parties shall submit an agreed upon protective order for the signature of the court.

### CONCLUSION

The motion of Weiss to compel Safeway to produce the personnel records of store manager, Troy Honma, is GRANTED in part and DENIED in part as stated above. All materials produced to the court for *in camera* review will be placed in the file under seal.

IT IS SO ORDERED.